# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION | § | |
| | § | |
| V. | § | 1:15-CV-00770-AWA |
| | § | |
| SYLVIA RUIZ, et al. | § | |

## ORDER

Before the Court are Plaintiff's Amended Motion for Judgement on the Pleadings, or in the alternative, Motion for Summary Judgment (Dkt. No. 71); Defendant's Motion for Summary Judgement and Judgment on Pleadings as to Plaintiff's Claims (Dkt. No. 72); and the various response and reply briefs. As an initial matter, both motions seek relief under Rule 12(c) and Rule 56. Given that the parties have provided summary judgment evidence and briefed the issues as summary judgment motions, the Court will treat the motions as summary judgment motions and will consider all arguments under the Rule 56 standard.

## I. GENERAL BACKGROUND

This is a judicial foreclosure case. PNC Bank, N.A., seeks a declaratory judgment and a judicial foreclosure of a Texas Home Equity Security Instrument lien on real property owned by Sylvia Ruiz. Dkt. No. 19. Ruiz denies PNC has the authority to enforce the lien and further argues that the lien is invalid and unenforceable due to deficiencies in the lien documents. Dkt. No. 62. Ruiz asserts several affirmative defenses and brings counterclaims asserting: (1) forfeiture under Article 16, section 50(a)(6) of the Texas Constitution; (2) an alternative monetary claim for consideration not received; and (3) a suit to quiet title. *Id.* PNC and Ruiz have filed cross-motions for summary judgment. PNC seeks a summary judgment in favor of its own claims and rejecting all of Ruiz's counterclaims. Dkt. No. 71. Ruiz's motion seeks summary judgment denying PNC's

claims. Dkt. No. 72. As the motions and responsive briefings contain a substantial amount of overlap, the Court addresses the parties' respective arguments claim by claim.

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).

The Court must view the summary judgment evidence in the light most favorable to the non-movant. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). When there are cross-motions for summary judgment, the Court must examine "each party's motion independently" and view "the evidence and inferences in the light most favorable to the nonmoving party." *JP Morgan Chase Bank, N.A. v. Data Treasury Corp.*, 823 F.3d 1006, 1011 (5th Cir. 2016). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

### III. ANALYSIS

#### A. Evidentiary and Pleading Objections

Both parties object to evidence submitted by their opponent. Ruiz objects to the admission of Exhibits D, E, F, and G to PNC's motion, all of which are filings from Ruiz's voluntary Chapter 13 bankruptcy proceeding from 2012.[1] Dkt. No. 81 at ¶¶ 23-25; *see* Dkt. Nos. 71-9; 71-10; 71-11; 71-12. These documents are matters of public record that the Court may take judicial notice of. *See* FED. R. EVID. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed"). Accordingly, Ruiz's objections to these exhibits are overruled. Ruiz also objects to PNC's reliance on admissions by Ruiz which PNC asserts were deemed admitted. Dkt. No. 81 at ¶ 11; *see* Dkt. No. 71-8. Because the Court is able to decide the cross motions without considering these admissions, the Court does not reach Ruiz's objection.

Ruiz next objects to the Declaration of William Hardrick, an officer of PNC, and its related exhibits, which include copies of the loan documents at issue. Dkt. No. 81 at ¶¶ 26-38; *see* Dkt. No. 71-1; 71-2; 7-3; 71-4; 71-5; and 71-6. Ruiz objects that Hardrick lacks personal knowledge of the loan documents, and provides no foundation for his assertions concerning them. Dkt. No. 81 at ¶¶ 27, 33. Ruiz further asserts that the documents are not PNC's business records. Dkt. No. 81 at ¶¶ 30-32. Under Texas law, a note may be properly authenticated by producing a copy of it and attaching it to an affidavit where the affiant avers that the copy is a true and correct copy of the

---

[1] *In re: Sylvia Ruiz*, No. 12-11664-TMD (Bankr. W.D. Tex.).

3

original. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) (citing *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex.App.–Houston [14th Dist.] 1994, no writ)). The assignees of contracts and notes are able to prove up the business records of their assignors. *Rosenberg v. Collins*, 624 F.2d 659, 665 (5th Cir. 1980). This is precisely the type of evidence that PNC has furnished in this case. Ruiz's objections to Hardrick's Declaration and the associated exhibits are overruled.

Finally, in its Reply, PNC objects and moves to strike Exhibit A-2 and A-3 attached to Ruiz's Response, arguing that Ruiz failed to authenticate the documents. Dkt. No. 84 at 1. Once again, the Court does not reach this objection, as it does not rely on those documents in deciding the summary judgment motions.

**B.     PNC's Claims**

PNC seeks declaratory judgment and an order allowing it to proceed with judicial foreclosure of the property located at 3612 Aspen Creek Parkway, Austin, Texas. Dkt. No. 19 at ¶¶ 6-9. In its motion for summary judgment, PNC argues that there is no genuine issue of material fact that PNC is entitled to relief on its affirmative claims. Dkt. No. 71 at ¶¶ 18-22.

**1.     PNC's Claim for Judicial Foreclosure**

To foreclose under a deed of trust, Texas law requires that the lender, or assignee, to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default. *See* TEX. PROP. CODE § 51.002(d); *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x. 306 (5th Cir. 2014). PNC has submitted summary judgment evidence establishing that a debt exists and is secured by a lien created under Texas law. Specifically, the

4

record shows that on May 24, 2002, Ruiz and her husband at the time, Mark Rude,[2] executed a Texas Home Equity Note in the principal amount of $187,000, payable to National City Mortgage Co. as the lender. Dkt. No. 71-2. Ruiz and Rude concurrently executed a Texas Home Equity Security Instrument securing payment of the Note with a lien on the property located at 3612 Aspen Creek Parkway, Austin, Texas. Dkt. No. 71-3. The Security Instrument is filed in the Official Public Records of Travis County, Texas under Document No. 2002100590. On December 24, 2013, the Security Instrument was assigned to PNC and the assignment was filed in the Official Public Records of Travis County, Texas under Document No. 2014000033. Dkt. No. 71-4.

Ruiz contends PNC has not established the existence of a valid lien, basing her argument on perceived flaws in the documents PNC relies on. Ruiz does not dispute that on May 24, 2002, she executed a home equity note. Dkt. No. 62 at ¶ 7. She further admits that she executed a home equity security instrument on the same date, and that it is recorded as Document No. 2002100590 in the Official Public Records maintained by the Travis County Clerk. *Id.* at ¶ 8. However, Ruiz disputes that PNC is the owner of the Security Instrument. *Id.* at ¶ 12. According to Ruiz, the Security Instrument secures a singular promissory note signed by both Ruiz and Rude, whereas, Ruiz argues, PNC has provided evidence of two separate notes, one signed by Ruiz and one signed by Rude. Dkt. No. 81 at ¶¶ 98-103. The discrepancy, Ruiz contends, indicates that the note identified in the Security Instrument is not the same as the notes provided by PNC. Ruiz argues that PNC has failed to show that it is the holder of the note secured by the Security Instrument. *Id.*

---

[2] The District Court granted PNC a default judgment against Mark Rude on January 25, 2019. Dkt. No. 56.

To the extent Ruiz is arguing PNC cannot enforce its claim because PNC is not the holder of the note, this argument fails. It is well established that an entity need not hold the note to foreclose on a property if it is entitled to do so under a deed of trust. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Moreover, Ruiz has admitted that on May 24, 2002, she executed a home equity note and a home equity security instrument granting a security interest in her home. Dkt. No. 62 at ¶¶ 7-8. Ruiz's basis for challenging PNC's claim for judicial foreclosure is that PNC has not produced the note secured by the Security Instrument because it has not produced a note signed by both Rude and Ruiz. Although a mortgage servicer need not produce the original, "wet-ink-signature" note associated with a deed of trust, it must at least establish the note's existence by way of a photocopy along with an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013). PNC has done so. *See* Dkt. No. 71-1 and 71-2.

The Note produced by PNC has the features Ruiz admits to in her Amended Answer: it documents a loan from National City Mortgage Co. to Sylvia Ruiz dated May 24, 2002, on the property located at 3612 Aspen Creek Parkway, Austin, Texas. Dkt. No. 71-1; Dkt. No. 62. The Note produced by PNC also matches the Security Instrument in significant ways: both documents refer to a National City loan identified by a unique number ending in 9724; in the amount of $187,000; dated May 24, 2002; for a property located at 3612 Aspen Creek Parkway, Austin, Texas. Dkt. No. 71-1 and 71-2. Both instruments indicate that the debt will be paid by June 1, 2032. *Id.* The only alleged difference between the two is that the Security Instrument defines the associated note as signed by both Sylvia Ruiz and Mark Rude, while the Note is signed by Ruiz and Rude on separate signature pages.

Where separate instruments are "executed at the same time, for the same purpose, and in the course of the same transaction," they are "to be considered as one instrument and construed together." *Washington-Jarmon v. Onewest Bank, FSB*, 513 S.W.3d 103, 108-09 (Tex. App.–Houston [14th Dist.] 2016, no pet.). Here, while it appears Ruiz and Rude did not sign the same signature page, read together as required, it is clear that Ruiz and Rude executed a single Note secured by the Security Instrument proffered by PNC. The court need not accept "speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). Ruiz has provided no evidence of a second loan and her assertion that two signature pages indicate two liens is unsupported factually and legally. There is no genuine dispute as to the fact that the Security Instrument identifies the same Note provided by PNC. The Court therefore finds that PNC has established the existence of the Note. *Martins*, 722 F.3d at 254.

Ruiz additionally argues that PNC has failed to plead the existence of a valid lien because PNC did not plead that: (1) the home equity loan included any of the terms outlined in Sections 50(a)(6)(A)–(P) of Article XVI of the Texas Constitution; (2) the loan was made on the condition that it included the provisions set forth in Sections 50(a)(6)(Q)(x)–(xi) of the same article; or (3) that the loan agreement included a term stating that the loan is not secured by homestead property that on the date of closing was designated for agricultural use. Dkt. No. 81 at ¶¶ 76-87. Ruiz cannot, however, point to any authority requiring a lender to affirmatively plead any of these facts. As such,

7

Ruiz fails to create a genuine issue of material fact with respect to whether the debt in question was secured by a valid lien.

Under the terms of the Note and Security Instrument, Ruiz was required to pay when due the principal and interest on the debt, as well as any applicable charges and fees due. Dkt. No. 71-1 and 71-2. Ruiz does not dispute that she has not made payments when due. Dkt. No. 62 at ¶ 12. Accordingly, it is undisputed that Ruiz is in default. PNC has also established that Ruiz was provided with notice of default, acceleration, and foreclosure in accordance with Texas statutory requirements. Dkt. No. 71-5 and 71-6; *see also* TEX. PROP. CODE § 51.002(b). Moreover, Ruiz does not dispute that she has received these notice letters. Dkt. No. 62 at ¶¶ 15-17. Accordingly, PNC has satisfied its summary judgment burden with regard to each element of its claim for judicial foreclosure and Ruiz has failed to provide any evidence showing a genuine issue of material fact.

### 2. PNC's Claim for Declaratory Judgment

PNC's Amended Complaint also seeks relief pursuant to the Federal Declaratory Judgment Act. Dkt. No. 19 at ¶¶ 19-27. In its motion for summary judgment, PNC asserts it is entitled to a declaration regarding its right to foreclose as a matter of law. Dkt. No. 71 at ¶¶ 23-24. Ruiz's only objection to PNC's claim for declaratory judgment is that PNC has no viable claim for judicial foreclosure, thus its declaratory judgment count must fail as well. Dkt. No. 81 at ¶¶ 96-97. While Ruiz is correct that declaratory judgment is a procedural remedy and not a free standing claim, the Court has already found that PNC established its claim for judicial foreclosure as a matter of law, so Ruiz's argument is without merit. PNC is entitled to judicial foreclosure, and because the record is clear that Ruiz continues to dispute PNC's rights, the Court likewise finds PNC is entitled to summary judgment as to its declaratory judgment claim.

### 3. Ruiz's Affirmative Defenses to PNC's Claims

In her Response to PNC's motion, Ruiz has raised two of the affirmative defenses she pled in her Amended Answer—conditions precedent and incapacity.[3] Dkt. No. 81 at ¶¶ 98-103. On the first, the Court has already rejected the claim that PNC has not met the conditions precedent for judicial foreclosure, as discussed above, and the Court therefore overrules this argument.

Ruiz's incapacity defense also fails. Ruiz argues that PNC has not established that it is the owner of the loan at issue and thus is not the proper party to enforce the remedies sought. Dkt. No. 81 at ¶ 95. In support of her incapacity argument, Ruiz points to the fact that PNC identified Federal Home Loan Mortgage Corporation (Freddie Mac) as the owner of the loan in a letter to Ruiz dated August 29, 2014. Dkt. No. 81 at ¶ 101; Dkt. No. 81, Ex. A-3. Under Texas law, a mortgagee has capacity to commence an action for judicial foreclosure. *See Martins*, 722 F.3d at 255 (summarizing Texas law granting mortgagee and mortgage servicer authority to foreclose). The Texas Property Code defines mortgagee as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4). As discussed above, National City Mortgage Co. assigned the Security Instrument to PNC on December 24, 2013, in a recorded assignment. Dkt. No. 71-4. Ruiz has produced no evidence to show any subsequent assignments of the Security Instrument on record. Rather, the summary judgment evidence shows that PNC is the recorded assignee of the Security Instrument. As PNC is the "last person" to whom the Security Instrument has been assigned, it has the authority to exercise the

---

[3] By not arguing them in response to PNC's motion, Ruiz has abandoned the other affirmative defenses pled in her Amended Answer. *See* Dkt. No. 62 at ¶¶ 33-45.

power to foreclose set forth in the Security Instrument. PNC's motion for summary judgment could be granted on this basis alone. *See Rust v. Bank of Am., N.A*, 2014 WL 2726841, at *2 (5th Cir. June 17, 2014). Accordingly, Ruiz's affirmative defenses do not prevent the entry of summary judgment in PNC's favor.

**C.     Ruiz' Counterclaims**

Ruiz's Amended Answer asserts three counterclaims: (1) forfeiture under Section 50 of the Texas Constitution; (2) an alternative counterclaim seeking payment of $187,000 as "consideration promised" under the loan; and (3) a suit to quiet title. Dkt. No. 62 at ¶¶ 47-61.

   **1.     Forfeiture and "Consideration Promised" Counterclaims**

Ruiz's first counterclaim is brought under Section 50 of the Texas Constitution for forfeiture of all principal and interest purportedly due under the loan, and her second claim alternatively seeks $187,000 as unpaid consideration promised. Dkt. No. 62 at ¶¶ 47-54. Both of these claims are based on the argument Ruiz presented in opposition to PNC's right to judicial foreclosure—the claim that there were multiple notes, based on the fact that Ruiz and her husband signed separate signature pages in the loan transaction. *Id.* at ¶ 48. The Court has already rejected this argument, and for the same reasons already stated, both of these claims fail.

   **2.     Counterclaim to Quiet Title**

Finally, Ruiz asserts a counterclaim seeking to quiet title. A suit to quiet title is an equitable action in which the plaintiff seeks to recover property wrongfully withheld. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.—Corpus Christi 2001, no pet.). To quiet title in her favor, the plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v.*

*Matthews*, 26 S.W.3d 575, 578 (Tex.App.—Beaumont 2000, pet. denied). In other words, the plaintiff must recover on the strength of her title, not the weakness of her adversary's. *See Fricks*, 45 S.W.3d at 327. Ruiz has failed to show that PNC's claim to the Note or Security Instrument is invalid or unenforceable, as explained above. Moreover, Ruiz's claim is legally insufficient because Ruiz pleads no facts that her claim to title is superior to PNC's; rather, she merely alleges perceived weaknesses in PNC's claim. In fact, Ruiz does not dispute that she defaulted on the loan—she bases all of her claims on allegations that PNC has no interest in the Property. But she fails to show how she is entitled to retain the Property, despite her default. Without establishing superiority of title, Ruiz cannot sustain this claim. Ruiz's counterclaims fail as a matter of law and PNC is entitled to summary judgment on them.[4]

**D.     Ruiz's Motion**

Ruiz's motion seeking summary judgment against PNC's claims is essentially identical to her Response to PNC's motion. *Compare* Dkt. No. 72 *with* Dkt. No. 81. Because the Court has already found that the undisputed record facts demonstrate that PNC is entitled to summary judgment, the Court denies Ruiz's motion seeking judgment in her favor.

**E.     Conclusion**

Because: (1) PNC has provided competent summary judgment evidence supporting its right to declaratory judgment and a judicial foreclosure on the Property; (2) Ruiz has not provided any competent summary judgment evidence to support her counterclaims; and (3) Ruiz's legal arguments

---

[4] PNC's motion asserts the doctrine of judicial estoppel and lack of standing as grounds to dismiss Ruiz's counterclaims. Dkt. No. 71 at ¶¶ 11-14. Because the undersigned's above findings preclude Ruiz's counterclaims as a matter of law, the Court need not discuss PNC's alternative arguments.

concerning the invalidity of the Note and Security Instrument are without merit, the undersigned **GRANTS** PNC's Motion for Summary Judgment (Dkt. No. 71) and **DENIES** Ruiz's Motion for Summary Judgment (Dkt. No. 72). The Court will enter a separate judgment as to all defendants consistent with this order, and with the default judgment entered by Judge Pitman on the claims against Mark Rude in January 2019.

SIGNED this 20th day of February, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE